UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CAMERON INTERNATIONAL CORPORATION, § § § | |
| Plaintiff, § § | CIVIL ACTION NO. 6:20-cv-00125 |
| v. § § | |
| NITRO FLUIDS, L.L.C., § § | **JURY TRIAL REQUESTED** |
| Defendant. § § § | |

**DEFENDANT NITRO FLUIDS, LLC's OPPOSED[1] MOTION
TO SUSPEND ALL DEADLINES
PENDING RESOLUTION OF MOTIONS TO TRANSFER OR DISMISS (DKT. 16, 17)**

Defendant Nitro Fluids, LLC ("Nitro") requests that the Court suspend all case deadlines pending resolution of Nitro's motions to dismiss or transfer the case (Dkt. 16, 17) to the Southern District of Texas, where the first-filed action between the parties is currently pending (the "Houston case").

The Court originally found that there was a substantial overlap between this case and the Houston case, making the Houston case the first-filed proceeding. Dkt. 33 at 10.[2] However, the Court concluded that, because the balance of the *Volkswagen* convenience factors did not favor

---

[1] Pursuant to Local Rule. CV-7(i), the parties have conferred in a good-faith attempt to resolve this matter. Cameron's counsel indicates that it is opposed to the requested relief and therefore no agreement could be made.

[2] Since the Court's original analysis, Nitro has filed counterclaims in the Houston case against Cameron for non-infringement and invalidity of the patents-in-suit in the instant case, further increasing the overlap between the two cases. *Cameron Int'l Corp. v. Nitro Fluids L.L.C.*, C.A. No. 4:18-cv-2533, Dkt. 112 (S.D. Tex. Oct. 9, 2020).

1

transfer, that compelling circumstances existed, warranting the avoidance of the application of the first-to-file rule. *Id.* at 21-22. Accordingly, the Court denied Nitro's motions. *See id.*

On Nitro's petition for a writ of mandamus, the Federal Circuit vacated the Court's order and instructed the Court to conduct further proceedings consistent with the appellate court's order, which explained that the Plaintiff carries the burden of showing that the balance of transfer factors actually favors the second-filed forum in order to find compelling circumstances. Dkt. 54 at 5, 8. The court of appeals further explained that the Court's analysis of the two factors found to weigh against transfer—court congestion and practical problems—required revisiting because, among other things, the two courts will still be required to resolve overlapping issues. *Id.* at 6-8.

Since that writ issued, the Federal Circuit has further reiterated that, "once a party files a transfer motion, disposing of that motion should unquestionably take top priority." *In re Apple, Inc.*, No. 2020-135, 2020 U.S. App. LEXIS 35326 at *6-7 (Fed. Cir. Nov. 9, 2020) (citing *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970) for the proposition that "[j]udicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected"). The Federal Circuit has also explained that any activity on the merits after a motion to transfer is filed cannot be considered in the transfer analysis. *Id.* at *21.

Since the Court's initial decision on Nitro's motion was vacated, the parties have proceeded with discovery and other deadlines pursuant to the Court's standard schedule, based on the trial date set by the Court at the *Markman* hearing. Dkts. 51, 57. However, given the pending motions to transfer and dismiss, judicial economy favors suspending all remaining deadlines until the Court decides the outstanding motions. *See, e.g., In re Google, Inc.*, No. 2015-138, 2015 U.S. App. LEXIS 16544, at *2-3 (Fed. Cir. July 16, 2015) (staying district court case until decision on motion

to transfer and explaining that delays in deciding such motions frustrate the statutory intent to prevent waste and protect litigants, witnesses, and the public against unnecessary inconvenience and expense).

The Court has the inherent power to control its own docket, including the power to suspend deadlines or otherwise stay proceedings. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to suspend case deadlines in similar circumstances, courts have analyzed the following factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *See id.* Here, all factors support a stay pending resolution of Nitro's motions to dismiss and to transfer.

As to the first factor, a slight delay will not prejudice or disadvantage Cameron. On the contrary, Cameron will benefit from the stay, in that substantial time and expense directed to discovery and other preparations for trial will be saved or postponed. Further, no matter the Court's decision, Cameron will have its day in court—either here or in the Houston case.

Suspending current deadlines will clearly simplify the issues in question and trial of the case, considering the overall litigation between the parties. Given the substantial overlap between the patents-in-suit and accused systems here and in the Houston case, should the Court grant either of Nitro's motions, the exact same issues will be adjudicated in the Houston case. And a short stay serves the interest of judicial economy by limiting potentially duplicative work by both parties should the Court ultimately grant either of Nitro's motions.

Finally, although the Court has set a trial date, discovery is not complete and is not scheduled to be completed until May 31, 2021. Given the substantial resources the parties will

devote to discovery here, a short stay of deadlines until the Court decides Nitro's motions will benefit both parties by eliminating unnecessary expenses. Otherwise, the parties will be forced to continue with preparing the case for trial at great expense, which may possibly be avoided should the Court grant either of Nitro's motions. Further, because the Houston case will proceed no matter how the Court rules, if the Court ultimately transfers this case to Houston the parties will benefit from the efficiencies of conducting all discovery in a single case and forum.

Accordingly, Nitro requests the Court suspend all deadlines until it decides Nitro's motions to dismiss and to transfer, pursuant to the guidance from the Federal Circuit. A short stay of case deadlines will benefit both parties in conserving scarce resources, and will prejudice neither.

November 20, 2020

Respectfully submitted,

/s/ *J. David Cabello*
J. David Cabello
*Attorney-in-Charge*
J. David Cabello
Texas Bar No. 03574500
James H. Hall
Texas Bar No.  24041040
Stephen D. Zinda
Texas Bar No. 24084147
CABELLO HALL ZINDA, PLLC
801 Travis Street, Suite 1610
Houston, TX 77002
Tel: 832-631-9990
Fax: 832-631-9991
Email: david@chzfirm.com
Email: james@chzfirm.com
Email: stephen@chzfirm.com

***Attorneys for Defendant Nitro Fluids, LLC***

4

## CERTIFICATE OF CONFERENCE

Pursuant to Rule CV-7(i) of the Local Court Rules, the undersigned certifies that the parties have conferred in a good-faith attempt to resolve this matter. Cameron's counsel indicates that it is opposed to the requested relief and therefore no agreement could be made.

/s/ *J. David Cabello*
J. David Cabello

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 20, 2020 a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

*/s/ Sherri Brunner*
Sherri Brunner