UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CAMERON INTERNATIONAL CORPORATION, § § § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 6:20-cv-00125-ADA |
| v. § | |
| § | JURY TRIAL DEMANDED |
| NITRO FLUIDS L.L.C., § § | |
| Defendant. § § | |

**CAMERON'S RESPONSE IN OPPOSITION TO
NITRO'S MOTION TO SUSPEND ALL PENDING DEADLINES**

The Court should deny Nitro's Motion (ECF No. 58). Suspending the deadlines in this case would introduce unnecessary delay and would unfairly prejudice Cameron. As Cameron explains below, the facts of this case do not justify suspending any pending deadlines, and Nitro's Motion is simply a thinly veiled attempt to brief its interpretation of the Federal Circuit's mandamus Order, despite the Court instructing Nitro not to do so. *See* Ex. A.

**I.   THE POSTURE OF THIS CASE DOES NOT WARRANT A STAY**

Nitro "bears a 'heavy burden' to demonstrate that a stay is appropriate." *Whole Woman's Health v. Hellerstedt*, No. A-16-CA-1300-SS, 2017 U.S. Dist. LEXIS 217076, at *2 (W.D. Tex. Mar. 15, 2017). Nitro cannot satisfy this heavy burden by simply identifying a pending motion to transfer. *See, e.g.*, *Clark v. Camber Corp.*, No. SA-14-CV-470-DAE, 2014 WL 12580451, at *2 (W.D. Tex. Aug. 26, 2014). Rather, the Court should consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay would simplify the issues in question and trial of the case, and (3) the current trial setting and the status of discovery in the case. *See Allure Energy, Inc. v. Honeywell Int'l, Inc.*,

1

No. 1-15-CV-079 RP, 2015 U.S. Dist. LEXIS 86668, at *3 (W.D. Tex. July 2, 2015). None of these factors favors a stay in this case.

*First*, Nitro's proposed stay would prejudice Cameron and subject it to a clear tactical disadvantage. Cameron and Nitro offer competing fracturing fluid delivery systems. When the dispute centers on infringement allegations against a competitor, a stay "would afford [the alleged infringer] a tactical advantage while greatly prejudicing [the patent owner]." *See Allure Energy, Inc. v. Honeywell Int'l, Inc.*, No. 1-15-CV-079 RP, 2015 U.S. Dist. LEXIS 86668, at *5 (W.D. Tex. July 2, 2015). Cameron and Nitro are competitors in the narrowing and increasingly competitive market for fracturing fluid delivery systems. Nitro's continued use of Cameron's patented technology undermines Cameron's ability to compete in that market, encourages other potential infringers, and confuses potential customers. Nitro's ongoing infringement also continues to erode the value of Cameron's innovations. This factor thus weighs strongly against a stay.

*Second*, Nitro's proposed stay would not simplify the issues in question or the trial. Despite having the burden of persuasion, Nitro does not identify a single specific issue that would be simplified by a stay. Instead, Nitro generally alleges there is "substantial overlap between the patents-in-suit and accused systems here and in the Houston case," ECF No. 57 at 3, without further analysis. But according to Nitro, if the Court grants transfer, then "the exact same issues will be adjudicated in the Houston case." *Id.* Thus according to Nitro, the only apparent effect of a stay would be to delay discovery that it believes will happen in any case. Other courts have recognized often that such delays make fact discovery more difficult and complicate the case and trial. *See, e.g.*, *Salehi v. Bluestem Brands, Inc.*, No. 16-cv-0924 DMS (BGS), 2018 U.S. Dist. LEXIS 21686, at *7 (S.D. Cal. Feb. 2, 2018). This factor thus weighs against a stay.

*Third*, the Court has set a trial date in August 2021. *See* ECF No. 57 at 4. To meet that date

the parties must complete fact discovery in the next four months. *See id.* at 3. This is consistent with the schedule that Nitro negotiated and that the parties jointly submitted only three weeks ago. *See* ECF No. 56; ECF No. 57. Nitro's proposed stay would almost certainly require resetting the trial date and delaying resolution. It would also take this case out of synch with the co-pending Butch's litigation, where the parties have agreed to the same schedule. *Compare* ECF No. 57, *with* Case No. 6:20-cv-00124-ADA, ECF No. 43 (filed Oct. 28, 2020).

As to discovery, although it is not complete, it is well under way. Nitro and Cameron have both propounded, and responded to, requests for production and interrogatories, and Nitro has also served notices of subpoena on two third parties. Nitro is wrong that continuing this progress would entail "unnecessary expenses." *See* ECF No. 58 at 4. The parties will need to conduct the same discovery on these patents regardless of venue. *See id.* at 3 ("the exact same issues will be adjudicated in the Houston case"). The only apparent effect of staying discovery would be delaying a fair and timely resolution on the merits, whichever the ultimate venue. The current trial setting and progress of discovery thus weigh against a stay.

Given that no factor favors transfer, the Court should deny Nitro's Motion and allow this dispute to continue progressing toward a fair and expeditious resolution on the merits.

## II.     NITRO MISSTATES THE FEDERAL CIRCUIT'S MANDAMUS ORDER

As is evident from its substantive weakness, Nitro's request for a stay was a pretext for briefing the Court on Nitro's view of the Federal Circuit's mandamus Order, despite this Court declining Nitro's request to provide additional briefing on that issue. See Ex. A. This is also obvious from the fact that Nitro spends the bulk of its brief addressing the mandamus Order and Nitro's (mistaken) analysis of it. See ECF no. 58 at 1-3. As to the request for a stay, Nitro spends only a page and a half on that topic (*see id.* at 3-4), where it barely addresses the relevant factors at all. Given the Court's directive otherwise, Cameron will not fully brief its positions on the

mandamus Order here. But Cameron will briefly correct some of Nitro's misstatements.

***First***, the Federal Circuit did not conclude this Court erred in finding it should not apply the first-filed rule, as Nitro suggests. If the Federal Circuit believed this Court could not retain jurisdiction over this case, it would have reversed and remanded for transfer or dismissal. Instead, the Federal Circuit simply instructed this Court to clarify whether the balance of the *Volkswagen* factors favor the Western District over Houston.

***Second***, Nitro is wrong to suggest the Federal Circuit indicated this Court improperly weighed the convenience factors when it found that most were neutral and that two favored retaining the case. The Federal Circuit simply noted this Court needed to indicate whether "those factors were important enough to warrant, on balance, favoring the Western District of Texas." ECF No. 54 at 6.

Although the Federal Circuit found this Court erred in some reasoning it applied to those factors, it did not find that the ultimate conclusions were wrong. To the contrary, the Federal Circuit noted that "judicial economy might favor keeping the case given that Cameron has a pending action against another defendant involving the same patents asserted here and that there are differences between this case and the Southern District case." *Id.*, at 7. The Federal Circuit merely instructed this Court to provide additional analysis on these issues. In short, there is no reason to believe, as Nitro suggests, that the Federal Circuit disagreed with this Court's decision not to apply the first-filed rule and to deny transfer instead.

***Third***, Nitro overstates the applicability of *In re Apple Inc*, incorrectly implying that this Court cannot consider progress made in this case after it decided the original transfer motion. *See* ECF No. 58 at 2 (citing No. 2020 U.S. App. LEXIS 35326 (Fed. Cir. Nov. 9, 2020)). *In re Apple* decided a narrow and distinct issue. It explained that district courts should give "top priority" to

pending transfer motions and that "a district court's decision to give undue priority to the merits of a case over a party's transfer motion should not be counted against that party in the venue transfer analysis." 2020 U.S. App. LEXIS 35326, at *21.

This Court did not give "undue priority" to the merits over Nitro's transfer motion. Most substantive progress occurred in the four months *after* this Court denied Nitro's motion and *before* the Federal Circuit vacated that order. This includes consolidating claim construction with the co-pending litigation against Butch's (ECF No. 42), conducting a joint *Markman* hearing (ECF No. 51), construing all the disputed claim terms and adjudicating Nitro's indefiniteness contentions (ECF No. 55), and setting a trial date (ECF No. 51). Nitro has not provided any authority whatsoever that suggests this substantial progress—all of which took place with no pending transfer motion and all of which is relevant to at least the judicial economy analysis—should not count for weighing the propriety of transfer mere months before the close of fact discovery and less than a year before trial.

*Fourth*, Nitro omits important information about the status of the Houston case. It is true that Nitro sought to amend its answers and counterclaims in Houston *after* Cameron filed this case, including to add counterclaims about infringement and validity of the patents in suit, among other things. It is also true that the Houston court recently granted Nitro leave to file its amended answer and counterclaims. But Nitro neglects to mention that Cameron has moved to dismiss the counterclaims in Houston related to the asserted patents in this case, and that the Houston court has not yet ruled on Cameron's motion. Nitro also omits that the Houston court has asked the parties to update it after *this Court* decides whether it will retain jurisdiction (*see* Ex. B), which does not support Nitro's bare speculation that the Houston case will proceed on the patents in this case regardless of this Court's decision on Nitro's motion to transfer.

## **CONCLUSION**

The Court should deny Nitro's Motion and leave this case on its current track for a fair resolution on the merits, consistent with the current agreed schedule.

DATED: November 27, 2020

Respectfully submitted,

By: */s/ John R. Keville*
John R. Keville
Texas Bar No. 00794085
jkeville@winston.com
Merritt D. Westcott *(Pro Hac Vice)*
Texas Bar No. 24027091
mwestcott@winston.com
William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis *(Pro Hac Vice)*
Texas Bar No. 24116670
edlewis@winston.com
WINSTON & STRAWN LLP
800 Capitol Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

ATTORNEYS FOR PLAINTIFF, CAMERON INTERNATIONAL CORPORATION

## CERTIFICATE OF SERVICE

      I hereby certify that on November 27, 2020, I electronically filed the above with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the following:

J. David Cabello
James H. Hall
Stephen D. Zinda
CABELLO HALL ZINDA, PLLC
801 Travis Street, Suite 1610
Houston, Texas 77002
david@chzfirm.com
james@chzfirm.com
stephen@chzfirm.com

                                       */s/ John R. Keville*
                                       John R. Keville