IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CAMERON INTERNATIONAL CORPORATION,<br>　　　　Plaintiff,<br><br>v.<br><br>NITRO FLUIDS L.L.C.,<br>　　　　Defendant. | §§§§§§§§§§ | CAUSE NO. 6:20-cv-00125-ADA<br><br>JURY TRIAL DEMANDED |

## ORDER TO TRANSFER CASE

Before the Court is Defendant Nitro's motion to dismiss under Fed. R. Civ. P. 12(b)(3) and motion to transfer under 28 U.S.C. § 1404(a). ECF Nos. 16–17. After careful consideration of the parties' briefing, governing law, and recent changes of circumstances, the Court is of the opinion that this case should be TRANSFERRED to the Southern District of Texas ("SDTX").

Plaintiff Cameron first sued Nitro in July 2018 in the SDTX, Houston Division, Civil Action No. 4:18-cv-2533 ("Houston Case"), alleging infringement of U.S. Patent Nos. 9,068,450; 9,518,430; 9,903,190; and 9,932,800. ECF No. 16, Ex. 13. An additional patent, U.S. Patent No. 10,094,195, was subsequently added to the House case in March 2019.

On February 17, 2020 Cameron filed this lawsuit against Nitro alleging infringement of U.S. Patent Nos. 9,915,132 ("the '132 Patent") and 10,385,645 ("the '645 Patent"), which are allegedly related to the patents asserted in the Houston Case. ECF No. 1. On April 24, 2020, Nitro filed a motion to dismiss under Fed. R. Civ. P. 12(b)(3) requesting this case be dismissed for improper venue under the first-to-file rule. ECF No. 16. On the same day, Nitro filed a motion to alternatively transfer this case under 28 U.S.C. § 1404(a) to the SDTX because the Houston Case

1

is pending in that district. ECF No. 17.[1]

On June 16, 2020, this Court issued an order denying both of Nitro's motions, finding that although there was a likelihood of substantial overlap between this case and the Houston Case under the first-to-file rule analysis, there were sufficiently compelling circumstances to avoid the rule's application. ECF No. 33. In October, 2020, ruling on a writ of mandamus petition, the Federal Circuit vacated this Court's June 16, 2020 order and directed this Court to conduct further analysis on its rulings on Nitro's motions.

Here, the Court finds that due to certain significant recent developments in the Houston Case, there is no longer sufficiently compelling circumstances to avoid the application of first-to-file rule. After this Court's June 16, 2020 order, the SDTX court on October 9, 2020 granted leave for Nitro to file its second amended answer and counterclaim seeking invalidity and non-infringement of the '132 and '645 Patents. Thus, the only two patents asserted in this case are now also directly implicated in the Houston Case. Therefore, consistent with this Court's prior rulings (*e.g.,* in *DynaEnergetics Eur. GMBH v. Hunting Titan, Inc*., No. 6:20-CV-00069-ADA, 2020 WL 3259807(W.D. Tex. June 16, 2020)), and to avoid the likelihood of inconsistent and conflicting rulings and for the sake of judicial economy, this Court is of the opinions that this case should be transferred to SDTX so that it can be decided together with the Houston Case.

---

[1] Nitro does not reference the first-to-file rule within its motion to transfer. However, under Fifth Circuit precedent, a district court should consider transfer when analyzing a motion to dismiss under the first-to-file rule even when a motion to transfer is not present. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999). Fifth Circuit precedent also dictates that dismissing the case would be an abuse of discretion. *See id.* Therefore, the Court denies the motion to dismiss and will proceed with the first-to-file rule analysis with respect to Nitro's motion to transfer.

It is therefore **ORDERED** that the Clerk of the Court **TRANSFER** this case to the Southern District of Texas.

**SIGNED** this 24th day of March, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE